UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE JAMES CREWS,

        Plaintiff,

v.                      Case No. 8:08-cv-2158-T-17TGW

THOMAS BLISS,

        Defendant.

_____

O R D E R

    Plaintiff Eddie Crews, an inmate at the Orient Road Jail (ORJ), Hillsborough County, Florida, who is proceeding in forma pauperis and pro se, initiated this action by signing a 42 U.S.C. § 1983 civil rights complaint on September 19, 2008. The complaint was filed in this Court on October 28, 2008. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for the following reasons.

    Crews alleges that he was improperly subjected to a disciplinary hearing based on his refusing to obey an order of a staff member and other infractions of the rules of the ORJ. On June 19, 2008, the disciplinary hearing committee found him guilty of the rule infractions. Crews was given the following sanctions: 30 days in disciplinary confinement and 30 days of no recreation.

    On June 23, 2008, Crews appealed, and the appeal was denied on June 30, 2008. Crews has now filed this civil rights complaint alleging that the disciplinary committee violated his First, Eighth, and Fourteenth Amendment rights. He seeks to have the

disciplinary report expunged from his file and to be released to general population housing.

As exhibits to his complaint, Crews filed a copy of the report of the disciplinary hearing committee and a copy of his appeal.

Discussion

Prison disciplinary proceedings are not part of a criminal prosecution, therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id.

The United States Supreme Court held that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. Id. at 564. Further, the Court held that at least a brief period of time after the notice, no less than twenty-four (24) hours, should be allowed to the inmate to prepare for the appearance before the disciplinary committee. Id. The Court also held that there must be a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. Id.

With regard to Plaintiff's contention that the evidence did not support a finding of guilt, this Court is of the opinion that this claim has no constitutional merit. The Court, in Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982) (footnotes omitted), stated:

> Although the courts are required to recognize a constitutional duty to protect prisoners' rights, nevertheless "[t]he Supreme Court has articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operation of state penal institutions." Williams v. Edwards, 547 F.2d 1206,

1212 (5th Cir. 1977); Campbell v. Beto, 460 F.2d 765, 767 (5th Cir. 1972); Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972). In reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion. Thomas v. Estelle, 603 F.2d 488, 490 (5th Cir. 1979), reh. denied, 606 F.2d 321 (5th Cir. 1979); Wilwording v. Swenson, 502 F.2d 844, 851 (8th Cir. 1974), cert. denied, 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975); U.S. v. Smith, 464 F.2d 194, 196 (10th Cir.), cert. denied, 409 U.S. 1066, 93 S.Ct. 566, 34 L.Ed 2d 519 (1972). The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by "some facts" -- "whether any evidence at all" supports the action taken by the prison officials. Willis v. Ciccone, 506 F.2d 1011, 1018, 1019 n. 11 (8th Cir. 1974).

Further, the Eleventh Circuit held that the district court need only inquire into whether there is "any basis in fact" for the disciplinary team's decision. Inglese v. Warden, 687 F.2d 362, 363 (11th Cir. 1982). Certainly, the disciplinary report, with its statement of facts, its delivery of charges, its report of investigation, and its disciplinary committee action, shows a "basis in fact" for the disciplinary committee's decision.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to terminate all pending motions, to enter judgment against Plaintiff Crews, and to close this case.

ORDERED at Tampa, Florida, on November 6, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Eddie James Crews